# United States Court of Appeals.
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2022

Lyle W. Cayce
Clerk

No. 21-11283
Summary Calendar

Eddy James Howard,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2311

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Eddy James Howard, Texas prisoner # 1859038, filed a pro se mandamus petition naming as respondent a state official and alleging that no action had been taken upon various state court filings he had made. The district court dismissed the petition as frivolous and for failure to state a claim on the ground that federal courts are unable to issue writs of mandamus

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

No. 21-11283

directing state officials in the performance of their duties where mandamus is the only relief sought.  Howard appeals the dismissal.

Because the district court denied Howard leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith, his pending motion for IFP status constitutes a challenge to that certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).  Good faith is demonstrated when a party seeks review of a nonfrivolous issue, meaning one involving legal points that are arguable on the merits.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Although we construe pro se filings liberally, even pro se litigants must brief arguments to preserve them.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Howard fails to articulate a basis for mandamus relief or to identify any error in the decision of the district court.  Accordingly, he has abandoned any challenge to the district court's decision.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As Howard thus fails to identify a nonfrivolous issue for appeal, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  His motions for default judgment and to hold the appellee in contempt are also DENIED.

This dismissal and the dismissal of Howard's mandamus petition both count as strikes for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).  Howard is WARNED that, if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).